**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4426**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHAKING FISHER, a/k/a Shy,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:14-cr-00424-CCE-1)

Submitted:  January 28, 2016      Decided:  February 17, 2016

Before MOTZ, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant.  Kyle David Pousson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shaking Fisher pled guilty pursuant to a plea agreement to Count 1 of his indictment, distributing cocaine base ("crack"), and was sentenced to 120 months of imprisonment. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issue: whether Fisher's sentence was reasonable. Fisher was informed of his right to file a pro se supplemental brief, but has failed to do so. For the reasons that follow, we affirm.

We review any criminal sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir. 2012). The district court properly calculated Fisher's advisory Sentencing Guidelines range, discussed some of the 18 U.S.C. § 3553(a) (2012) factors, and explained why it imposed a sentence below the Guidelines range but above what Fisher had sought. Thus, we find that Fisher's sentence was procedurally and substantively reasonable. See United States v. Carter, 564 F.3d 325, 328-29 (4th Cir. 2009).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Fisher's conviction and sentence. This court

2

requires that counsel inform Fisher, in writing, of the right to petition the Supreme Court of the United States for further review. If Fisher requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fisher. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED